# FEDERAL DISTICT COURT OF NEW JERSEY

Office of Executrix
NAQUEEN UNIQUE ZAIRE Estate
General Post Office
Nation New Jersey
Laurel Avenue – 28
Irvington. ZAIRE Province
United States of America
naqueenz@gmail.com

Office of Executrix on behalf of
NAQUEEN UNIQUE ZAIRE Estate

       Complainant

v

James Brooks
Eric S Hausman d/b/a Eric S Hausman Esq
Steven A Varano P.C.
       Defendant(s)

## CLAIM FOR FDCPA VIOLATIONS, CONSTITUTIONAL QUESTION, INTEREFERENCE WITH REPUTATION AND INVASION OF PRIVACY

COMES NOW, Office of Executrix of the NAQUEEN UNIQUE ZAIRE estate, also known as, NAQUEEN ZAIRE and any, and all deviations of the named estate, on behalf of the estate, its heirs and says the following:

## PARTIES

1. NAQUEEN UNIQUE ZAIRE estate, (hereafter "Plaintiff"), c/o 28 Laurel Avenue, Irvington New Jersey.

2. James Brown (hereafter Defendant Brown") whose business address is 3 West

1

Railroad Avenue, Tenafly New Jersey 07670.

3. Eric S Hausman d/b/a Eric S Hausman Esq (hereafter "Defendant") whose principal business address is 96 Newark Pompton Turnpike PO Box 360, Little Falls New Jersey 07424.

4. Steven A. Varano, P.C (hereafter "Defendant") whose business address is 96 Newark Pompton Turnpike, PO Box 360, Little Falls, New Jersey 07424.

## JURISDICTION

This matter concerns violations of federal the fair debt collection practices act, which is federal law, and Constitutional question.

## FACTS

5. On October 31, 2023, the Superior Court of New Jersey foreclosed on the property located at 28 Laurel Avenue in Irvington New Jersey (hereafter "the property").

6. On numerous occasions, an unknown man who called himself Jim Brown taped letters to the front door of the property, which is outside for all to see. (Exhibit A)

7. Defendants then mailed a letter to the property offering Plaintiff money in exchange for vacating the property.

8. Plaintiff mistakenly discarded that letter.

9. Another day, Defendant Brown knocked on the door to which Plaintiff answered.

10. Defendant Brown expressed he represented the "new owners".

11. Plaintiff did not sell the property to anyone.

12. Plaintiff did not sign over the deed to anyone.

13. Plaintiff informed Defendant Brown Plaintiff is the owner and was taking the matter

2

to federal court.

14. Because Defendant Brown never contacted Plaintiff before showing up, Plaintiff never thought to write down each time Defendant put letters on the door.

15. Plaintiff was never served notice of any eviction.

16. Defendants then mailed a letter dated January 18, 2024, claiming Plaintiff's interest in the property was "terminated." (Exhibit B)

17. Plaintiff received first notice of eviction in the mail from the Sheriff's Office dated January 16, 2024, stating an eviction would take place on February 21, 2024. (Exhibit C)

18. On February 15, 2024, Plaintiff ordered Door Dash.

19. The Door Dash carrier sent a pic of proof of delivery to the Door Dash system. (Exhibit D)

20. When Plaintiff opened the door, not only was food on the porch, but a Notice of Eviction with no envelope was widely displayed on the front door. (See as Exhibit C)

21. Plaintiff lives on a very busy street.

22. So not only did the Door Dash carrier and the Door Dash system see the notice on the door, but so did strangers driving by.

23. Also, the time Plaintiff discovered the notice was 2:33pm and children were also walking by.

24. Plaintiff is unaware how long the notice was on the door for everyone to see.

25. Defendants have willfully violated the privacy of Plaintiff numerous times.

26. This is deemed as harassment by Defendants.

27. Plaintiff's reputation has been harmed directly by the actions of Defendants.

## FAIR DEBT COLLECTION PRACTICES ACT
## (15 USC 1692d)

3

28. Complainant(s) re-alleges and reincorporates all previous paragraphs as if fully set out herein.

29. Defendants are in the action of attempting to evict Plaintiff on behalf of the unknown as it is not stated for whom they work in any of their letters.

30. Defendants continuously showed up to the property personally, unannounced and without the consent of Plaintiff.

31. Defendant put notices on the door numerous times offering "money in exchange for vacating the house."

32. Defendant's actions were abusive, annoying, and harassing to Plaintiff.

33. Harm is caused to the estate and its Heirs as a direct result of Defendants actions.

34. Defendants are civilly liable pursuant to 15 USC 1692k.

## FAIR DEBT COLLECTION PRACTICES ACT
## (15 USC 1692E(3))

35. Complainant(s) re-alleges and reincorporates all previous paragraphs as if fully set out herein.

36. Defendants are attorneys and agents of attorneys.

37. Letters from the Defendants are in the act of collecting a debt.

38. The property is where the heirs of the estate lay their heads.

39. The property is used for household purposes.

40. Plaintiff has no business with Defendants.

41. Plaintiff has never heard of Defendants prior to the first personal unwarranted visit.

42. The notice mentions nothing about collection of a debt pursuant to the FDCPA.

43. According to 15 USC 1692e(3) it is false, misleading and deceptive representation for a debt collector to act as an attorney.

44. Defendants are civilly liable pursuant to 15 USC 1692k.

4

## INTERFERENCE WITH REPUTATION

45. Complainant re-alleges and reincorporates all previous paragraphs as if fully set out herein.

46. Defendants personally appeared at the property without the consent of the estate.

47. Defendants taped letters to the door on numerous occasions. (Exhibit E).

48. On February 15, 2024, Defendants displayed a Notice of Eviction openly for the world to see.

49. Plaintiff is humiliated to say the least.

50. Plaintiff's reputation has been debased in front of Plaintiff's neighbors.

51. Plaintiff's reputation has been debased in front of strangers.

52. Plaintiff has been harmed as a direct result of Defendant's actions.

## INVASION OF PRIVACY

53. Complainant re-alleges and reincorporates all previous paragraphs as if fully set out herein.

54. Defendants personally appeared at the property without the consent of the estate on numerous occasions.

55. Defendants taped letters to the door folded numerous times.

56. On February 15, 2024, Defendants displayed a Notice of Eviction openly on the door.

57. Heirs of the Plaintiff have a right to rest their heads without trespass.

58. Heirs of the Plaintiff have a right to rest their heads without harassment.

59. A man's home is his castle.

60. Plaintiff has a right to privacy.

61. Defendants' direct actions have violated the privacy of Plaintiff and its Heirs.

## VIOLATION OF THE FIFTH AMENDMENT

62. Complainant re-alleges and reincorporates all previous paragraphs as if fully set out herein.

63. Plaintiff is the rightful owner of the property located at 28 Laurel Avenue Irvington New Jersey.

64. Defendants are attempting to forcefully take possession of the property while having no interest in the property.

65. Plaintiff still has primary interest in the property as it was the credit of the Plaintiff that purchased the property at the consummation of the transaction.

66. The property is trust property belonging to the estate of NAQUEEN UNIQUE ZAIRE.

67. Defendants are attempting to forcefully take possession of the property without just compensation.

68. The property is currently worth $335,000.

## DISHONEST ASSISTANCE

69. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.

70. The property which Defendants are attempting to take possession of is trust property.

71. The trustees of said property are in pending litigation for breach of trust and for taking trust property unlawfully.

72. Defendants are third parties to the trust.

73. Defendants are assisting the trustees in taking possession of trust property which is currently in litigation.

74. Defendants, therefore, are liable for dishonest assistance.

"And if a soul sin, and hear the voice of swearing, and *is* a witness, whether he hath seen or known *of it*; if he do not utter *it*, then he shall bear his iniquity.;.." – Leviticus 5:1

"If a man shall deliver unto his neighbour money or stuff to keep, and it be stolen out of the man's house; if the thief be found, let him pay double." – Exodus 22:7

Whereas Plaintiff comes in the name of our Lord and prays for the following relief:

a. Violations for 15 USC 1692d.

b. Violations for 15 USC 1692e(3).

c. Civil Liability pursuant to 15 USC 1692k.

d. Damages for Interference of Reputation

e. Damages for Invasion of Privacy.

f. Damages for attempting to violate the Fifth Amendment.

g. Any General Relief the court deems proper.

*February 16, 2024*                                           Respectfully submitted,

/by/ executrix  Zaire: NaQueen-Unique
NAQUEEN UNIQUE ZAIRE Estate
Office of Executrix
Nation New Jersey
General Post Office
Laurel Avenue - 28
Irvington.
United States of America.
Near. [07111-9998]
naqueenz@gmail.com
(973)855-9710

7