OFFICE OF EXECUTRIX<br>
NAQUEEN UNIQUE ZAIRE ESTATE<br>
PO Box 122<br>
West Orange NJ [07052-9998]

May 2, 2024

district court of united states
Honorable Judge Claire C. Cecchi
50 Walnut St
Newark New Jersey 07101

**RE: Zaire v Brooks et Al – Case: 2:24-cv-00939-CCC-JRA**

Dear Judge Claire C. Cecchi

We hope this letter reaches you with Peace and Love.

Please see attached Temporary Protective Order. Our office has erred in cancelling the initial request based on the misplaced trust in the Defendants, thinking they would adhere to the Notice of Dispute and Cease all collection activities and the fact that there are pending active cases pertaining to the property located at 28 Laurel Avenue, Irvington New Jersey.

However, we were wrong. Defendants and their affiliates/agents/associates have continued to harass Knowledge Zaire, heir to the estate due to his mental illness and have trespassed on the property on April 24, 2024, causing emotional harm to both the Executrix and Heir and their actions also caused property damage.

Because we are not sure if the initial request is done ex parte or on the record of the case, we await your instruction on whether this Temporary Protective Order needs to be served to the Defendants immediately or do we wait for an order to send copies.

All Defendants have been served a Rule 4 Waiver and we are still waiting for responses. Please do not hesitate to contact this office if we have erred in any way.

Sincerely,<br><br>
/by/ Zaire: NaQueen-Unique, EX<br>
NAQUEEN UNIQUE ZAIRE ESTATE

## district court of united states

Office of Executrix
NAQUEEN UNIQUE ZAIRE Estate
PO Box 122
West Orange New Jersey [07052]
United States of America
naqueenz@gmail.com

Office of Executrix on behalf of
NAQUEEN UNIQUE ZAIRE ESTATE
NAQUEEN U ZAIRE ENTERPRISE TR
      Complainant
v

**Case#: 2:24-cv-00939-CCC-JRA**

James Brooks
Eric S Hausman d/b/a Eric S Hausman Esq
Steven A Varano P.C.
Armondo B Fontouro d/b/a Sheriff of Essex County New Jersey
      Defendant(s)

## Temporary Protective Order
## Motion for Preliminary Injunction Hearing

COMES NOW, Office of Executrix of the NAQUEEN UNIQUE ZAIRE estate, also known as, NAQUEEN ZAIRE and any, and all deviations of the named estate, on behalf of the estate, its heirs and says the following:

Please **TAKE NOTICE**, Complainants are descendants of Abraham, Children of God, Indigenous American Civilians, and shareholders of the State of New Jersey and the United States (Exhibits A-B), two Federal corporations. By the etymology of Federal it means "Covenant with God".

This leads us to believe that both corporations agreed to protect the rights granted by God, proof being by way of both Constitutions. Yet, we are not feeling or being protected as children of God , Indigenous Americans, nor as shareholders of the United States.

1. Plaintiff is making a statement of facts indicating that Defendants, their affiliates and agents, including VMC REO, LLC have engaged in conduct which is believed to be unlawful in nature and would cause further harm to Plaintiff and its beneficiaries.
2. Plaintiff is aggrieved by Defendants' prior unlawful acts under the "color of law" that ownership of 28 Laurel Avenue in Irvington New Jersey no longer belongs to Plaintiff, despite there being a pending action in this court.
3. Plaintiff was evicted from the property by the aid of the Sheriff's Office (trustees of the aforementioned federal corporations) despite Defendants being given a Notice of Dispute.
4. Defendants' actions denied Plaintiff's right to due process.
5. Defendants' agents have come to the property again, on April 24, 2024, despite this pending action as well as the other pending action.
6. Defendants' agents have broken into the property without permission after Knowledge Zaire, an heir to the estate who still lives in the property lawfully, left out to go to the store.
7. Plaintiff received a phone call from the heir asking if we could come "unlock the top lock".
8. Plaintiff was immediately emotional as the blood rushed to [her] head causing a headache on [her] birthday.
9. After spending minutes explaining to the heir that we don't have a key to that lock (he suffers from schizophrenia so some things are incomprehensible to him), the heir was forced to wait around outside from around 12:00pm until 6:00pm until Plaintiff could get someone over to break the locks.

10. After getting back into the home, Plaintiff went the next day to find that Defendants' agents entered the home and proceeded to lock the heir out of the home intentionally, who only has a key to the bottom back door knob lock.

11. They also latched the back door and the kitchen door which is also in the back.

12. Their acts have caused emotional damage to the Plaintiff and Heir and physical property damage. (Exhibit C)

13. Defendants' and their agents' actions are, at this point, deemed criminal.

14. The heir nor the Plaintiff had locks for the front door as mentioned in the complaint.

15. Plaintiff and the beneficiary would face further substantial threat of irreparable damage or injury if the injunction is not granted.

16. The balance of harm weighs in favor of Plaintiff who is seeking the preliminary injunction.

Whereas, for the reasons set forth herein, the Plaintiff respectfully requests that this Court grants the estate's emergency motion for a protective order and prohibit Defendants, their affiliates and agents, including VMC REO, LLC from continuing through with unlawful debt collection practices and invasion of the Heirs privacy and seeks the following:

1. Issue a temporary protective order requiring Defendants, their agents and affiliates, including VMC REO, LLC, to cease any evictions and collection activities.

2. Issue a temporary protective order preventing Defendants and their agents from coming near or on the property.

3. Set a time for a hearing on the petition for an injunction requiring the defendants to cease collection activities until the Zaire v Alper et al Civil Rights case has been settled.

4. If the temporary protective order is denied, Plaintiff moves the court to schedule an injunction hearing.

5. Grant an award in a reasonable amount for the costs of maintaining this action, if deemed appropriate, and such other relief as may be just and equitable.

/By/executrix Zaire: NaQueen-Unique
Office of Executrix
NAQUEEN UNIQUE ZAIRE Estate
PO Box 122
West Orange New Jersey [07052]
United States of America
naqueenz@gmail.com

STATE OF NEW JERSEY        )   JURAT
COUNTY OF ESSEX    )

Subscribed and sworn to before me, a Notary Public, this 1st day of May 2024, Zaire: NaQueen-Unique, who provided sufficient evidence of identity by way of a New Jersey driver's license.

_____
NOTARY PUBLIC of New Jersey

My Commission expires: Aug 13, 2025

**DYLAN DRUMMOND**
NOTARY PUBLIC
State of New Jersey
My Commission Expires
August 13, 2025