# district court of united states

Office of Executrix
NAQUEEN UNIQUE ZAIRE Estate
PO Box 122
West Orange New Jersey [07052]
United States of America
naqueenz@gmail.com

Office of Executrix on behalf of
NAQUEEN UNIQUE ZAIRE ESTATE               **Case#: 2:24-cv-00939-CCC-JRA**
NAQUEEN U ZAIRE ENTERPRISE TR
      Complainant
  v

James Brooks
Eric S Hausman d/b/a Eric S Hausman Esq
Steven A Varano P.C.
Armondo B Fontouro d/b/a Sheriff of Essex
County New Jersey
      Defendant(s)

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Comes now, Zaire: NaQueen-Unique in response to Defendant's Motion to Dismiss and states the following:

Plaintiff leaves the claims short because we mistakenly believed they are not supposed to be extensive and fully detailed. As the authorized representative, I always believed the details happen after the answer of the Defendant. I stand corrected.

1. Attorney Eisenbardt claims the eviction was done by Defendants on behalf of Wilmington Savings Fund FSB.

2. However, the property was sold to VMC REO, LLC and deeded over for $100 on November 3, 2023 (EXHIBIT A).

3. By counsel's own admittance, Defendants appeared on the matter on December 8, 2023, which was after the property was sold.

4. Therefore, Wilmington did not have standing to evict.

5. If we were to consider the proceeding of eviction to be legal, it had to have been done by VMC REO.

6. Eviction by Wilmington is believed to be just more evidence of the lack of due process in state court, including but not limited to the foreclosure.

7. Since Ms. Eisenbardt brought it up, I'd like to address counsel's concerns regarding the Rooker-Feldman doctrine.

8. The Rooker-Feldman doctrine, according to a Notre Dame Law Review titled "Rooker-Feldman Doctrine: Evaluating Its Jurisdictional Status" is based on the following:

    a) A case being a re-litigation case of an identical issue and ought to be precluded on non-jurisdictional grounds.

    b) That the case of a new action which is not redundant and which the federal court has jurisdiction.

    c) A complaint of the result of an adjudicated case and the asking of federal court to appeal the matter.

**PLEASE TAKE JUDICIAL NOTICE** that as strict as this precedent is, all three of the above pertain solely to "judicial" decisions. It does not pertain to "administrative" decisions.

According to New Jersey's Advisory Committee on Foreclosures, the judicial office in which foreclosures were handled by the position of Standing Master, was abolished on April 1, 1975.

After the abolishment, the Clerk of Superior Court performed those duties until the adoption of N.j. Ct. R. 1:34-6, which is administrative.

Rooker-Feldman does not pertain to administrative decisions.

According to American Iron Steel Institute v US 568 F2d 284, (hereafter "ASIS") "A judge ceases to sit as a judicial officer because the governing principle of administrative law provides that courts are prohibited from substituting their evidence, testimony, record, arguments and rational from that of the agency."

Also in ASIS, "Courts in administrative issues are prohibited from even listening to or hearing arguments, presentations, or rational."

It was also decided in Exxon Mobil Corp. v Saudi Basic Industries Corp (hereafter "Exxon") that Rooker-Feldman doctrine is a narrow rule and limited to cases where Plaintiff is seeking review of state court decisions and that federal courts have jurisdiction over federal claims even if a state court has addressed the same issues.

Also mentioned in Exxon, Rooker-Feldman is statutory and not constitutional.

When Rooker v Fidelity Trust Co was adjudicated, it was in 1923, before the emergency banking holiday of 1933, which changed not only the banking system, but also the court system.

Plaintiff believes the reason the constitutionality was mentioned in Exxon was because the state courts are no longer protected by Article III of the Constitution. Article III courts are protected by the Constitution if they are courts that "Congress has ordained or established".

There is no evidence of delegation of authority provided to the Superior Court of New Jersey by Congress.

In fact, Plaintiff has requested proof of authority after judgement was rendered. Plaintiff has also requested such proof from the NJ Attorney General and Secretary of State. Neither of them provided such proof.

In fact, Plaintiff also asked Judge Walter Koprowski for delegation of authority during the application for stay of eviction in which he responded, "I don't know what you are talking about."

If a state judge doesn't know what delegation of authority is by Congress or the IRS pursuant to 26 USC 6903 (also mentioned during the stay of eviction), then he, nor the Superior Court, doesn't have it.

Superior Court of New Jersey was given its authority by the NJ Constitution, which has nothing to do with Congress.

The Constitution **guarantees** that no person shall be deprived of life, liberty, or property without due process of law. And the Supreme Court and the states cannot create laws to contradict that. If the state court cannot hear constitutional claims, as it is an administrative court, this means Superior Court of NJ is unconstitutional and is not a true court which was acknowledged by the US Constitution.

Therefore, that would leave any reasonable person, including the Plaintiff, to believe it is not protected by the Supreme Court's Rooker-Feldman doctrine., and if that is the case, then this court has jurisdiction to not only hear this new matter of the Fair Debt Collection Practices Act, but also the constitutionality of the foreclosure and Eviction's due process.

Plaintiff would also like to add, according to the foreclosure judgement signed by Judge Jodi Lee Alper, it is signed "Respectfully Recommended,". (EXHIBIT B)

According to Black's Law Dictionary 6th Edition, the definition of "recommendation" is as follows: "Recommendation refers to an action which is advisory in nature rather than one having any binding effect." Citing "People v Gates, 41 C.A.3d 590, 116 Cal.Rptr. 172, 178.

According to US v Will, 449 US 200, and Cohen v Virginia 18 US, "When a judge acts where he or she does not have jurisdiction to act, the judge is engaged in an act or acts of treason."

If the judge's acts were not binding, yet the foreclosure was signed and sealed by Michelle Smith in the capacity of Clerk of Court, then Michelle Smith, too, acted without authority which further makes the foreclosure and eviction void ab initio.

Kalib v Feuerstein, 308 U.S. 433 established that a bankruptcy court's orders that exceed its jurisdiction were void and could be ignored without former adjudication.

**ALSO TAKE JUDICIAL NOTICE** Plaintiff's privacy, due process, and property belonging to the trust also were not adjudicated in the state court, and therefore those claims are new claims.

As for dishonest assistance, Zaire: NaQueen-Unique is not an attorney and therefore can admit is not knowledgeable on procedures and case law.

Despite that fact, Zaire: NaQueen-Unique is the authorized representative of the Plaintiff and Trustee of the living trust, NAQUEEN U ZAIRE ENT TR of which all property has been conveyed in June 2023, which was before the foreclosure and eviction.

In the afore-mentioned capacities, Zaire: NaQueen-Unique read Suits in Chancery by Gibson which spoke of the breaches of trust and fiduciary mentioning knowing receipt and dishonest assistance.

This resulted in Plaintiff mistakenly titling the cause of action Dishonest Assistance. Despite the incorrect title for what I guess should be aiding and abetting a breach of fiduciary, the elements are the same.

a) The property is trust property.

b) A person acting in a fiduciary capacity unlawfully took possession of that property.

c) The fiduciary unlawfully signed documents on behalf of the real owners of that property without their consent or lawful authority to do so which is identity theft.

d) Defendants assisted in the unlawful possession of that property.

e) Plaintiff was injured due to the direct actions of all Defendants.

The Superior Court and its employees and agents, acting without authority or consent, unlawfully foreclosed on trust property, sold the property, and proceeded with the eviction; all of these actions were unconstitutional and therefore, void.

Stare Decisis Law – A court cannot confer jurisdiction where non existed and cannot make a void proceeding valid. It is clear and well-established law that a void order can be challenged in any court. – Old Wayne Mut. L Assoc. v McDonough, 204 U.S. 8, 27, S. Ct. 236 (1907).

Plaintiff would also like to add, pursuant to Brady v US 116 US 616, "Waivers of constitutional rights not only must they be voluntary, they must be knowingly intelligent acts done with sufficient awareness."

Plaintiff was forced into the foreclosure and eviction under duress. Plaintiff did not give its consent, did not waive any rights to the constitution, and therefore asserts and reserves all rights herein.

**Conclusion**

The etymology of Federal is "covenant with God", and Plaintiff trusts and believes because this court has a federal jurisdiction, the Honorable judge will keep that covenant, as well as the oath to the Constitution and protect Plaintiff's rights to its property.

NJ State court is merely an administrative agency believed to be under the Judiciary courts of The State of New Jersey who does business under DUNS#: 797693587, therefore, is not a court under the Constitution and is not protected by any immunities enforced by the Constitution.

On the contrary, Plaintiffs are and therefore, this court must protect its property accordingly.

To dismiss this case in its entirety would be the granting of summary judgment based on an administrative proceeding that was unconstitutional, and that will be injurious to the Plaintiff and unjust enrichment to the Defendants.

WHEREAS, Plaintiff respectfully demands that this court denies Defendants' Motion to Dismiss and Grants Plaintiff's Complaint to continue in this jurisdiction.

*July 18, 2024*                                                                 Respectfully submitted,

/by/ executrix  Zaire: NaQueen-Unique
All Rights Reserved!
NAQUEEN UNIQUE ZAIRE Estate
NAQUEEN U ZAIRE ENT TR
PO Box 122
West Orange New Jersey [07052]
United States of America.
naqueenz@gmail.com

## CERTIFICATE OF SERVICE

I, Zaire: NaQueen-Unique certify that on this 18th day of July, 2024, I emailed this document to Justyna Eisenbardt at justynak@varanolaw.com and the District Court at ecfhelp@njd.uscourts.gov.

Sincerely,

/By/ Zaire: NaQueen-Unique
NAQUEEN UNIQUE ZAIRE
NAQUEEN U ZAIRE ENT TR

# EXHIBIT A



# Office of the Sheriff
## ARMANDO B. FONTOURA, SHERIFF
Essex County Veteran's Courthouse
Newark, New Jersey 07102
(973) 621-4116
Fax (973) 623-9599
www.essexsheriff.com

**UNDERSHERIFFS**
Amir D. Jones
Fitzgerald J. Figliuolo
John M. Goncalves

**CHIEF**
James R. Spango

DEED

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Verus Securitization Trust 2019-INV3

TO

VMC REO, LLC
2001 M Street, Suite 300, Washington DC 20036

SHERIFF'S FILE NO. F-23002918

Consideration $ 100.00

Dated November 3, 2023

RECORD AND RETURN:

NAME:

ADDRESS:

ZIP CODE:

PREPARED BY: <u>Robert W. Williams. Esq</u>
Preparers signature no longer required As per N.J.S.A. 46:26 A-3

# SHERIFF'S DEED

**THIS INDENTURE**, made on November 3, 2023

Between **ARMANDO B. FONTOURA**, Sheriff of the County of Essex, in the State of New Jersey, party of the first part and

**VMC REO, LLC, 2001 M Street, Suite 300, Washington DC 20036**

party of the second part, witnesseth.

**WHEREAS**, on the 4th day of AUGUST 2023 a certain Writ of Execution was issued out of the Superior Court of New Jersey, Chancery Division, ESSEX County, Docket No. F-004013-21 directed and delivered to the Sheriff of said County of ESSEX and which said Writ is in the words or to the effect following that is to say:

### THE STATE OF NEW JERSEY to the

### Sheriff of the County of ESSEX, GREETINGS:

**WHEREAS**, on (the 4th day of AUGUST 2023 by a certain judgment made in our Superior Court of New Jersey, in a certain cause therein pending, wherein the PLAINTIFF is:

**Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Verus Securitization Trust 2019-INV3**

AND the following named parties are the DEFENDANTS:

**Naqueen Zaire**

**IT WAS ORDERED AND ADJUDGED** that, certain mortgaged premises, with the appurtenances in the Complaint (and Amendment to Complaint, if any) in the said cause particularly set forth and described, that is to say: The mortgaged premises are described as set forth upon the **ATTACHED SCHEDULE "A" (or RIDER ANNEXED HERETO AND MADE A PART HEREOF.)**

**BEING KNOWN AS** Tax Lot 20 in Block 23 COMMONLY KNOWN AS 28 Laurel Avenue, Irvington, NJ 07111

**TOGETHER**, with all singular the rights, liberties, privileges, hereditaments and appurtenances thereunto belonging, or in anywise appertaining, and the reversion and remainders, rents, issues, and profits thereof, and also all the estate, right, title, interest, use, property, claim and demand of the said Defendants, of, in, to and out of the same, be sold, to pay and satisfy in the first place unto the Plaintiff, **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for**

**Verus Securitization Trust 2019-INV3** THE SUM OF $347,218.16 being the principal, interest and advances secured by a certain mortgage dated July 26, 2019 and given by Naqueen Zaire with lawful interest from June 1,2023, on the total sum due until the same be paid and satisfied and also the costs of the aforesaid plaintiff with interest thereon.

**AND** for that purpose a Writ of Execution should issue, directed to the Sheriff of ESSEX County commanding him to make sale as aforesaid, and that the surplus money arising from such sale, if any there be, should be brought into the said Court, as by the said judgment remaining as of record, in our Superior Court of New Jersey, at Trenton, doth and more fully appear; and whereas, the costs and Attorney's fees of the said Plaintiff have been duly taxed at the following sum: $4,625.30.

**THEREFORE**, you are hereby commanded, that you cause to be made of the premises aforesaid, by selling so much of the same as may be needful and necessary for the purpose, the aforesaid sum of and the same you do pay to the said Plaintiff together with contract and lawful interest thereon as aforesaid, and the sum aforesaid of costs with interest thereon, and that you have the surplus money, if any there be, before our said Superior Court of New Jersey, aforesaid, at Trenton, within (30) days after sale. If no sale, Writ returnable within twenty-four (24) months pursuant to, R.4:59-1(a), to abide the further Order of the said Court according to the Judgment aforesaid, by certificate under your hand, of the manner in which you have executed this our Writ, together with this Writ.

**WITNESS**, The Honorable Jodi Lee Alper P.J. CH., Judge of the Superior Court of New Jersey, at Newark, New Jersey aforesaid, the 4th day of AUGUST 2023

HLADIK, ONORATO & FEDERMAN, LLP           MICHELLE M. SMITH, ESQ.
Attorneys for Plaintiff                                          Clerk of Superior Court
Antonio G. Bonnani, Esquire

**As**, by the record of the said Writ of Execution in the Office of Superior Court of New Jersey at Trenton, in Book 23of Executions, Page 005203 may more fully appear.

**AND WHEREAS, I**, the said **ARMANDO B. FONTOURA**, as such Sheriff as aforesaid, did, in due form of law, before making such sale give notice of the time and place of such sale by public advertisement signed by myself, and set up in my office, at the Veterans Courthouse, in the City of Newark, ESSEX County, being the County, in which said real estate is situate and also set up at the premises to be sold at least (3) weeks next before the time appointed for such sale;

**AND I**, also caused such notice to be published four times in two newspapers designated by me and printed and published in the said County, the County wherein the real estate sold is situate, the same being designated for the publication by the Laws of this State, and circulating in the neighborhood of said real estate, at least once a week during four consecutive calendar weeks. One of such newspapers, "The Star-Ledger" and a secondary local newspaper in Essex County, a newspaper with circulation in the County of said real estate. The first publication was at least twenty-one days prior and the last publication not more than eight days prior to the time appointed for the sale of such real estate, and by virtue of the said Writ of Execution, I did offer for sale said land and premises at public venue at the Essex County Veterans Courthouse, in the City of Newark on October 31, 2023, at the hour of 1:30 pm.

**WHEREUPON** the said party of the second part bidding therefore for the same, the sum of

$100.00 and no other person bidding as much I did then and there openly and publicly in due form of law between the hours of 1:30 and 5:00 in the afternoon, strike off and sell tracts or parcels of land and premises for the sum of $100.00 to the said party of the second part being then and there the highest bidder for same. And on October 31, 2023, I did truly report the said sale to the Superior Court of New Jersey, Chancery Division and no objection to the said sale having been made, to:

**VMC REO, LLC 2001 M Street, Suite 300, Washington DC 20036**

**NOW, THEREFORE, THIS INDENTURE WITNESSETH**, that I, the said **ARMANDO B. FONTOURA**, as such Sheriff as aforesaid under and by the virtue of said Writ of Execution and in execution of the power and trust in me reposed and also for and in consideration of the said sum of $100.00, therefrom acquit, exonerate and forever discharge to the said party of the second part, its successors and assigns, all and singular the said tract or parcel of lands and premises, with the appurtenances, privileges, and hereditaments thereunto belonging or in any way appertaining; to have and hold the same, unto the said party of the second part, its successors and assigns, to its and their only proper use, benefit and behoof forever, in as full, ample and beneficial manner as by virtue of the said Writ of Execution I may, can or ought to convey the same.

**And I**, the said **ARMANDO B. FONTOURA**, do hereby covenant, promise and agree to and with the said party of the second part, its successors and assigns, that I have not, as such Sheriff as aforesaid, done or caused, suffered or procured to be done any act, matter or thing whereby the said premises, or any part thereof, with the appurtenances, are or may be charged or encumbered in estate, title or otherwise.

**IN WITNESS, WHEREOF, I**, the said **ARMANDO B. FONTOURA**, as such Sheriff as aforesaid, have hereunto set my hand and seal on this day NOVEMBER 17, 2023. Signed, Sealed and Delivered in the Presence of

MICHAEL J. OLIVEIRA
Attorney at Law, State of New Jersey
NEW JERSEY, ESSEX COUNTY, SS.

ARMANDO B. FONTOURA, SHERIFF

**I, ARMANDO B. FONTOURA**, Sheriff of the County of ESSEX, do solemnly swear that the real estate described in this deed made to: VMC REO, LLC was by me sold by virtue of a good and subsisting execution (or as the case may be) as is therein recited, that the money ordered to be made has not been, to my knowledge or belief, paid or satisfied, that the time and place of the same of said real estate were by me duly advertised, as required by law, and that the same was cried off and sold to a bonafide purchaser for the best price that could be obtained and the true consideration for this conveyance as set forth in the deed is $100.00.

_____
ARMANDO B. FONTOURA, SHERIFF

**Sworn before me**, an Attorney-at-Law of the State of New Jersey, on this day NOVEMBER 17, 2023, and I having examined the deed above mentioned do approve the same and order it to be recorded as a good and sufficient conveyance of the real estate therein described

STATE OF NEW JERSEY SS.
ESSEX COUNTY

_____
MICHAEL J. OLIVEIRA
Attorney-at-Law, State of New Jersey

On this day NOVEMBER 17, 2023 before me, an Attorney-at-Law of the State of New Jersey, personally appeared, ARMANDO B. FONTOURA, Sheriff of the County of ESSEX aforesaid, who is, I am satisfied, the Grantor in the within Indenture named, and I having the first made known to him the contents thereof, he did thereupon acknowledge that he signed, sealed and delivered the same on his voluntary act and deed, for the uses and purposes therein expressed.

_____
MICHAEL J. OLIVEIRA
Attorney-at-Law, State of New Jersey

SWC-F-004013-21   03/13/2024 11:17:16 AM   Pg 6 of 7   Trans ID: CHC202481884
Case 2:24-cv-00939-CCC-JRA   Document 17   Filed 07/18/24   Page 15 of 19 PageID: 166
SWC-F-004013-21   08/04/2023   Pg 4 of 4   Trans ID: CHC2023209581
Recorded in the Office of the Superior Court Clerk   Pg 4 of 4   Writ #23005203

## LEGAL DESCRIPTION

ALL THAT CERTAIN LOT, PIECE OR PARCEL OF LAND, WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE, LYING AND BEING IN THE TOWNSHIP OF IRVINGTON, COUNTY OF ESSEX, STATE OF NJ:

BEGINNING AT A POINT ON THE NORTHWESTERLY R.O.W. LINE OF LAUREL AVENUE (60' R.O.W.), SAID POINT HAVING A DISTANCE OF 70.01 FEET FROM ITS INTERSECTION WITH THE NORTHWESTERLY R.O.W. LINE OF GRANT PLACE (50' R.O.W.), AND RUNNING; THENCE

1) N73 DEG. 34'30"W, A DISTANCE OF 30.00 FEET TO A POINT; THENCE

2) N17 DEG. 39'30"E, A DISTANCE OF 133.65 FEET TO A POINT; THENCE

3) S72 DEG. 20'30"E, A DISTANCE OF 30.00 FEET TO A POINT; THENCE

4) S17 DEG. 39'30"W, A DISTANCE OF 133.01 FEET TO THE POINT AND PLACE OF BEGINNING.

FOR INFORMATION PURPOSES ONLY: BEING KNOWN AS 28 LAUREL AVENUE, IRVINGTON, NJ 07111, TAX LOT NO. 20, TAX BLOCK 23 ON THE OFFICIAL TAX MAP OF TOWNSHIP OF IRVINGTON, COUNTY OF ESSEX, NJ.

Parcel ID: 23 / 20

28 Laurel Avenue, Irvington, NJ 07111

21-00829-1
RTF-8 (Rev. 3-98)

**STATE OF NEW JERSEY**
**AFFIDAVIT OF CONSIDERATION**
(STATEMENT OF PRIOR MORTGAGE, LIENS OR ENCUMBRANCES)
FOR
SHERIFF'S DEEDS
(c. 225, P.L. 1979)
To Be Recorded With Deed Pursuant to c. 49 P.L. 1968, as amended, and c. 225, P.L. 1979

STATE OF NEW JERSEY

COUNTY OF CAMDEN } SS.

FOR RECORDER'S USE ONLY
Consideration $_____
Realty Transfer Fee $_____
Date_____ By _____

**IMPORTANT NOTES:**
This form is to be attached to all Sheriff's Deed not otherwise exempt pursuant to N.J.S.A 46:15-10, when presented to the County Clerk or Register of Deed's for recording. One of the following blocks MUST be checked:

[ ] NO PRIOR MORTGAGES OR LIENS ARE OUTSTANDING.

[✓] PRIOR MORTGAGE OR LIENS OUTSTANDING AND NOT EXTINGUISHING BY THE SALE ARE AS LISTED IN SECTION 2 BELOW.

(1) PARTY OR LEGAL REPRESENTATIVE

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Verus Securitization Trust 2019-INV3
*(Plaintiff)*

Hladik, Onorato & Federman, LLP
*(Legal Representative of Plaintiff)*

("Legal representative is to interpreted broadly to include any person actively and responsibly participating in the transaction, such as but not limited to: an attorney representing one of the parties; a closing officer of a title company of lending institution participating in transaction; a holder of power of attorney from plaintiff.)

(2) CONSIDERATION
Deponent states that, with respect to deed hereto annexed, there follows the name or names of all mortgagees and other holders of encumbrances constituting "consideration" as defined in the act to which this act is a supplement (C. 46:15-5(c)), to which such sale shall be subject. Such prior mortgages, liens and encumbrances are as follows:

| NAME OF SECURED PARTY | CURRENT AMOUNT DUE |
|---|---|
| OPEN TAX SALE CERTIFICATE NO. 18-00109 | $ 2,472.89 |
| OPEN TAX SALE CERTIFICATE NO. 20-00112 | $ 256.92 |

The representations contained herein are made in reliance upon a report of title upon which the foreclosure was predicated, together with a title insurer's undertaking to indemnify or policy of title insurance, or other information available upon reasonable request. Deponent does not warrant the accuracy of such title representations or other information and makes no representations regarding the status of title other than as may be contained in pleadings filed in the action. All interested parties are advised to conduct and rely upon their own independent investigation to ascertain whether any outstanding interests remain of record and/or have priority over the lien being foreclosed and, if so, the current amount due thereon

TOTAL $ 2,729.81

NOTE: The amount of consideration on which the Realty Transfer Fee shall be calculated shall include both the total listed above and the amount bid at the sale as set forth in the Sheriff's Deed.

Deponent makes affidavit to induce the County Clerk or Register of Deeds to record the deed and accept the fee submitted herewith in accordance with the provisions of c. 49, P.L. 1968, as amended, and c. 225, P.L. 1979.

Subscribed and Sworn to before me
this 10th
Day of August, 2023
S. Porch

AMOUNT BID AT SHERIFF SALE
$ _____

Name of Deponent
Antonio G. Bonanni, Esquire
1451 Chews Landing Road, Suite 206 Laurel Springs, NJ 08021
Address of Deponent

FOR OFFICIAL USE ONLY
This space for use of County Clerk or Register of Deeds

Instrument Number_____ County_____
Deed Number_____ Block_____ Page_____
Deed Dated_____ Date Recorded_____

IMPORTANT – BEFORE COMPLETING THIS AFFIDAVIT, PLEASE READ THE FOLLOWING PAGE.
\* \* \* \* \*
This form is prescribed by the Director, Division of Taxation in the Department of the Treasury, as required by law, and may not be altered or amended without the approval of the Director.

ORIGINAL to be attached to Sheriff's Deed.
COPY to be retained by Sheriff Deed.

Stephanie N. Porch
Notary Public, State of New Jersey
My Commission Expires 2/4/2027

# EXHIBIT B

**HLADIK, ONORATO & FEDERMAN, LLP**

Stephen M. Hladik, Esq., ID No. 047471992
Antonio G. Bonanni, Esq., ID No. 212722016
Robert W. Williams, Esq., ID No. 048992014
Sarah K. McCaffery, Esq., ID No. 042202011
Thomas C. Dyer, Esq., ID No. 423762022
1451 Chews Landing Road, Suite 206
Laurel Springs, NJ 08021
(609) 840-5000

*Attorneys for Plaintiff*
*HOF Case #21-00829-1*

| | |
|---|---|
| Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Verus Securitization Trust 2019-INV3<br>*Plaintiff,*<br><br>vs.<br><br>Naqueen Zaire<br>*Defendants,* | SUPERIOR COURT OF NEW JERSEY<br>**ESSEX** COUNTY<br><br>CHANCERY DIVISION<br>CIVIL ACTION<br><br>NO.: **F-004013-21**<br><br>**FINAL JUDGMENT** |

    This matter being opened to the Court by Hladik, Onorato & Federman, LLP, attorneys for Plaintiff, and it appearing to the Court that the Summons and Complaint (and amendments, if any) have been duly issued and returned served upon the Defendants, and the Clerk having entered default against all defendants for failure to plead or otherwise defend, and the Plaintiff's note and mortgage and assignments, if any, having been presented to the Court, and proofs having been submitted of the amount due on Plaintiff's mortgage, and sufficient cause appearing;

    It is on this ___4_____ day of _AUGUST_____, 2023, ORDERED AND ADJUDGED that the Plaintiff is entitled to have the sum of **$347,218.16** together with lawful interest from **June 1, 2023** together with cost of this suit to be taxed including a counsel fee of $_3622.18_____ raised and paid in the first place out of the mortgage premises, and it is further ordered that the plaintiff, its assignee or purchaser at sale recover against the following defendants:

**Naqueen Zaire**

and all parties holding under said defendants the possession of the premises so mentioned and described in the said Complaint with the appurtenances; and it is further

    ORDERED AND ADJUDGED that the mortgaged premises be sold to raise and satisfy the several sums of money due, in the first place to the Plaintiff, **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as trustee for Verus Securitization**

**Trust 2019-INV3**, in the sum of **$347,218.16** with lawful interest thereon to be computed as aforesaid, the plaintiff's costs to be taxed, with interest thereon, and that an execution for the purpose be duly issued out of this Court directed to the Sheriff of Essex County, commanding said Sheriff to make sale according to law of the mortgaged premises described in the Complaint, and out of the money arising from said sale, that said Sheriff pay in the first place, to the plaintiff, said plaintiff's debt, with interest thereon as aforesaid and said plaintiff's costs with interest thereon as aforesaid, and in case more money shall be realized by the said sale than shall be sufficient to satisfy such several payments as aforesaid, that such surplus be brought into this Court to abide the further Order of this Court and that the Sheriff aforesaid make a report of the aforesaid sale without delay as required by the rules of this Court, and it is further

ORDERED and ADJUDGED that the defendants in this cause, and each of them stand absolutely debarred and foreclosed of and from all equity of redemption of, in and to said mortgaged premises described in the Complaint, when sold as aforesaid by virtue of this judgment.

Notwithstanding anything herein to the contrary, this judgment shall not affect the rights of any person protected by the New Jersey Tenant Anti-Eviction Act, N.J.S.A. 2A:18-61.1. et seq., the right of redemption given the United States of America under 28 U.S.C. Sec. 2410, the limited priority rights for aggregate customary condominium assessments for the six-month period prior to the recording of any association lien as allowed by N.J.S.A. 46:8B-21 or rights afforded by the Servicemembers Civil Relief Act, 50 U.S.C. App. 501 et seq. or N.J.S.A. 38:23C-4.

*/s/ Jodi Lee Alper, P.J.Ch.*
Hon. Jodi Lee Alper, P.J.Ch.

Respectfully Recommended
R.1:34-6 Office of Foreclosure