**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| NAQUEEN UNIQUE ZAIRE, <br><br> Plaintiff, <br><br> v. <br><br> JAMES BROOKS, *et al.*, <br><br> Defendant. | Civil Action No.: 24-939 <br><br> **ORDER** |

**CECCHI, District Judge.**

Currently before the Court is the motion of defendants Eric S. Hausman, the Law Offices of Steven A. Varano, P.C., and James Brooks ("Defendants") to dismiss (ECF No. 16) pro se plaintiff Naqueen Unique Zaire's ("Plaintiff") First Amended Complaint (ECF No. 7, "FAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1]  Plaintiff has opposed the motion (ECF No. 17).  The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendants' motion is **GRANTED.**

**WHEREAS** this case arises out of a prior state court foreclosure action involving the property located at 28 Laurel Avenue, Irvington, New Jersey (the "Property").  FAC ¶ 7.  Plaintiff defaulted on a note and mortgage on the Property, and the New Jersey Superior Court, Law Division, entered a Final Judgment and a Writ of Execution foreclosing on the Property on August 4, 2023.  ECF No. 16-2, Ex. B.[2]  On October 31, 2023, the Property was sold to a buyer represented

---

[1] Defendant Armondo B. Fontouro is not included in the instant motion to dismiss and has not appeared in this matter.  The Court notes that Defendant Fontouro was improperly served by mail. *See* ECF No. 14; Fed. R. Civ. P. 4.

[2] Courts may rely on materials beyond the complaint in a motion to dismiss "when the extrinsic document is integral to or explicitly relied upon in the complaint." *Talley v. Pillai*, 116 F.4th 200, 207 n.7 (3d Cir. 2024) (internal quotation marks omitted).  Courts may also rely on "attached exhibits" to the complaint and "matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

by Defendant Eric S. Hausman at a foreclosure sale.  ECF No. 1-2, Ex. B; ECF No. 16-2, Ex. E. On January 16, 2024, Plaintiff received a Notice of Eviction letter from the Essex County Sheriff informing her that she must vacate the Property by February 21, 2024.  FAC ¶ 20; ECF No. 1-2, Ex. C.  Plaintiff alleges that the Notice of Eviction letter was placed on her front door with no envelope.  FAC ¶¶ 28–37.  Plaintiff also alleges that on at least one occasion, Defendant Brooks taped a letter to her door offering her money in exchange for vacating the Property.  *Id.* ¶ 8.  She also alleged that he knocked on her door and said that he represented the new owners.  *Id.* ¶ 11. On February 20, 2024, Plaintiff filed a Motion to Stay the Sheriff Eviction, which was denied. ECF No. 16-2, Ex. A.  On February 21, 2024, Plaintiff was evicted.  FAC ¶ 38.  Plaintiff alleges that she "did not contest" the eviction, but that her 30-year-old son refused to vacate the property because "[t]he eviction did not name him."  *Id.* ¶¶ 39, 42–43.  Plaintiff complains that the "Defendants' agents packed and moved the rest of Plaintiff's and her daughter's belongings," and discarded food and hygiene items and changed the locks "despite having full knowledge Plaintiff's son was lawfully remaining in the home," among other complaints regarding the process of eviction.  *Id.* ¶¶ 46–85.

**WHEREAS** Plaintiff's FAC asserts claims for violations of the Fair Debt Collection Practices Act ("FDCPA"); violation of the Fifth Amendment of the U.S. Constitution; "interference with reputation;" invasion of privacy; and "dishonest assistance."  FAC ¶¶ 86–142.

**WHEREAS** to survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked

assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (citations omitted).

      **WHEREAS** Defendants argue that Plaintiff's FAC should be dismissed because (1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; and (2) the First Amended Complaint fails to state a claim upon which relief may be granted.

      **WHEREAS** "a federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the cause." *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). *Rooker-Feldman* is a preclusion doctrine that "strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments." *Duffy v. Wells Fargo Bank*, N.A., No. 16-4453, 2017 WL 2364196, at *4 (D.N.J. May 31, 2017) (citations omitted). "[It] is implicated when, 'in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual.'" *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (citations omitted). Thus, *Rooker-Feldman* applies in "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

      **WHEREAS**, given Plaintiff's pleading at this juncture, the *Rooker-Feldman* doctrine does not apply to most of Plaintiff's claims. With the exception of Plaintiff's Fifth Amendment claim, the FAC does not appear to seek relief that requires the Court to determine that the state court judgment was erroneous. Rather, Plaintiff alleges various issues with the process by which she was evicted, including allegations of harassment, deception, improper notice, and invasion of privacy.

**WHEREAS** Plaintiff's Fifth Amendment claim, however, does directly implicate the State Court Judgment and therefore is barred by the *Rooker-Feldman* doctrine. As to the Fifth Amendment claim, the first *Rooker-Feldman* requirement is met. Plaintiff was the losing party in the foreclosure action—a prior state court action. *See* ECF No. 16-2, Ex. A.

**WHEREAS** as to the second requirement of *Rooker-Feldman*, "an injury must in fact be caused by the state court judgment itself, rather than the actions of another entity—even if that other entity is a party to the state court proceedings." *Luft v. Clerk of the Superior Ct. of New Jersey*, No. 19-11728, 2020 WL 967857, at *3 (D.N.J. Feb. 28, 2020) (citations omitted). Here, the gravamen of Plaintiff's Fifth Amendment claim appears to be that the New Jersey courts had no basis to issue the foreclosure judgment and, for the same reason, permit the subsequent sheriff's sale and eviction. *See* FAC ¶¶ 128–136 ("Plaintiff is the rightful owner of the property [and] Defendants forcefully took possession of the property without just compensation"). Thus, as the Fifth Amendment claim seeks to redress Plaintiff's alleged injuries caused by the decisions of New Jersey courts in connection with the foreclosure proceedings, the second requirement is met.

**WHEREAS** the third requirement of *Rooker-Feldman* is also met as Plaintiff commenced this action on February 20, 2024, after the New Jersey Superior Court entered a final judgment against Plaintiff on August 4, 2023.

**WHEREAS** the fourth requirement of *Rooker-Feldman* requires that the federal action be "so inextricably intertwined [with the state court action] that a 'favorable decision in federal court would require negating or reversing the state-court decision.'" *Duffy*, 2017 WL 2364196, at *7 (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 170 n.4 (3d Cir. 2010)). As the FAC asserts that Defendants did not have the right to take possession of the property, it essentially seeks to overturn the foreclosure judgment and, accordingly, the fourth *Rooker-Feldman* requirement is satisfied. *See id.*; *see also Martinez v. Bank of Am., N.A.*, No. 15-

8926, 2016 WL 1135441, at *4 (D.N.J. Mar. 22, 2016) ("This type of action is exactly what *Rooker-Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure.") (citations omitted).  Accordingly, Plaintiff's Fifth Amendment claim is barred by the *Rooker-Feldman* doctrine.

**WHEREAS** Plaintiff has failed to state a claim for relief on the merits as to the claims that are not barred by *Rooker-Feldman*.  Plaintiff alleges violations of various provisions of the Fair Debt Collection Act, including 15 U.S.C. §§ 1692d, 1692e(3), and 1692g.  "To state a claim under the FDCPA, a plaintiff must allege that . . . the defendant is a debt collector," as defined by the statute.  *Levins v. Healthcare Revenue Recovery Grp. LLC*, 902 F.3d 274, 280 (3d Cir. 2018) (citations omitted).  A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).  The FAC is devoid of allegations that any of the Defendants are debt collectors.  Plaintiff has not pled any facts that suggest Defendants' principal purpose of business is the collection of debts, or that they regularly collect or attempt to collect debts owed another.  Plaintiff's only assertion that Defendants are "debt collectors" is a conclusory allegation that the individuals who enforced Plaintiff's eviction were "[t]he Defendants' agent debt collectors."  FAC ¶ 44.  "Mere restatements" of the requirements of a claim are insufficient to satisfy a plaintiff's pleading obligations.  *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).  Therefore, Plaintiff fails to state a claim under the FDCPA.

**WHEREAS** interference with reputation is not an actionable claim under New Jersey law.  To the extent Plaintiff intended to allege defamation, the FAC fails to state a claim.  To state a claim for defamation, Plaintiff must show that Defendants published a false statement, among other elements.  *See DeAngelis v. Hill*, 847 A.2d 1261, 1267 (N.J. 2004).  Construing the FAC

liberally, Plaintiff alleges that Defendants defamed her by displaying a Notice of Eviction on her door.  FAC ¶¶ 111–117.  The FAC provides no allegations that the Notice of Eviction displayed a false statement.  Plaintiff's Exhibit C shows the Notice of Eviction was issued to her by the Essex County Sheriff.  *See* ECF No. 1-2.  The FAC does not contain allegations sufficient to otherwise dispute the validity of the Notice.  Therefore, Plaintiff does not state a claim for defamation.

   **WHEREAS** as to Plaintiff's invasion of privacy claim, Plaintiff fails to allege any acts by Defendants that may be construed as an invasion of privacy.  Invasion of privacy under New Jersey law involves "the intentional intrusion, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns that would be highly offensive to a reasonable person." *Dophin v. Bank of Am. Mortg. Co.*, 641 F. App'x 131, 134 (3d Cir. 2016) (quoting *G.D. v. Kenny*, 15 A.3d 300, 319–20 (N.J. 2011)).  Plaintiff alleges facts consistent with a standard eviction process, and does not provide sufficient allegations to dispute the validity of the eviction. Therefore, Plaintiff does not state a claim for invasion of privacy.

   **WHEREAS** Plaintiff's opposition brief seeks to revise her claim for "dishonest assistance" to be a claim for aiding and abetting a breach of fiduciary duty.[3]  However, a "complaint may not be amended by the briefs in opposition to a motion to dismiss."  *Dickerson v. N.J. Inst. of Tech.*, No. 19-8344, 2019 WL 6032378, at *6 n.4 (D.N.J. Nov. 14, 2019) (citations omitted).  Regardless, Plaintiff fails to state a claim for aiding and abetting a breach of fiduciary duty.  To establish a claim for breach of fiduciary duty in New Jersey, "a plaintiff must show that the defendant had a duty to the plaintiff, that the duty was breached, that injury to plaintiff occurred as a result of the breach, and that the defendant caused that injury." *Goodman v. Goldman, Sachs & Co.*, No. 10–1247, 2010 WL 5186180, *10 (D.N.J. Dec. 14, 2010).  Plaintiff does not allege facts sufficient to

---

[3] Plaintiff states she "mistakenly titl[ed] the cause of action Dishonest Assistance" in the FAC. Opp. at 5–6.

establish that Defendants, or anyone Defendants assisted, owed a fiduciary duty to Plaintiff. Therefore, Plaintiff does not state a claim for aiding and abetting a breach of fiduciary duty.

**Accordingly, IT IS**, on this 31st day of January, 2025,

**ORDERED** that the Court grants Defendants' motion to dismiss (ECF No. 16) and dismisses Plaintiff's First Amended Complaint (ECF No. 7) without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Order to submit an amended complaint that addresses the deficiencies identified in this Order. Insofar as Plaintiff submits a further amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added. *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**

*/s/ Claire C. Cecchi*
**CLAIRE C. CECCHI, U.S.D.J.**