**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NAQUEEN UNIQUE ZAIRE, | Civil Action No.: 24-939 |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| JAMES BROOKS, *et al.*, | |
| Defendant. | |

**CECCHI, District Judge.**

Before the Court are the motions to dismiss pro se Plaintiff NaQueen Unique Zaire's second amended complaint (ECF No. 25, "SAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by defendants Wilmington Savings Fund, FSB, not in its private capacity but solely as Trustee for Verus Securitization Trust 2019-INV3, Verus Securitization Trust 2019-INV3, Baron Silverstein, Newrez LLC d/b/a Shellpoint Mortgage Servicing, and VMC REO, LLC (collectively, "Bank Defendants") (ECF No. 31), the Honorable Jodi Lee Alper and Michelle Smith (collectively, "State Defendants") (ECF No. 32),  Eric S. Hausman, the Law Offices of Steven A. Varano, P.C., and James Brooks (collectively, "Law Firm Defendants") (ECF No. 35), Antonio Bonnani (ECF No. 38), and Armando B. Fontoura (ECF No. 50). Plaintiff opposed the motions (ECF Nos. 44, 51), and Defendants replied (ECF Nos. 43, 45, 52). Plaintiff also submitted a sur-reply.[1]  ECF No. 48. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b).  For the reasons set forth below, Defendants' motions are **GRANTED.**

---

[1] Plaintiff's motion to file a sur-reply is granted, and the Court considers the sur-reply in the instant Opinion and Order.

I.    **<u>BACKGROUND</u>**

The SAC is difficult to interpret, but "because Plaintiff is proceeding pro se, the Court attempts to glean [her] factual allegations and legal claims through liberal construction of [her] pleading." *Off. of Ex'x on behalf of Naqueen Unique Zaire Est. v. Alper*, No. 24-541, 2024 WL 4648008, at *2 (D.N.J. Nov. 1, 2024).

This case arises from a prior state court foreclosure action ("State Court Action") involving the property located at 28 Laurel Avenue, Irvington, New Jersey (the "Property"). SAC ¶ 84. Plaintiff defaulted on a note and mortgage on the Property, and the New Jersey Superior Court, Law Division, entered a final judgment and a writ of execution foreclosing on the Property on August 4, 2023 ("Final Judgment"). ECF No. 31-3.[2] On October 31, 2023, the Property was sold at a foreclosure sale. ECF No. 1-2, Ex. B; ECF No. 31-5. On January 16, 2024, Plaintiff received a Notice of Eviction letter from the Essex County Sheriff informing her that she must vacate the Property by February 21, 2024. SAC ¶ 97; ECF No. 1-2, Ex. C.

On January 30, 2024, Plaintiff filed a federal action in the District of New Jersey seeking to vacate the judgment. *See Zaire v. Alper*, No. 24-541 (D.N.J. Jan. 30, 2024) (the "First Federal Action"). On February 20, 2024, in the State Court Action, Plaintiff filed a Motion to Stay the Sheriff's Eviction, which was denied. ECF No. 16-2, Ex. A. The same day, Plaintiff filed the instant federal action. ECF No. 1. On February 21, 2024, Plaintiff was evicted. SAC ¶ 115.

On November 1, 2024, in the First Federal Action, the Honorable Brian R. Martinotti found that Plaintiff's claims were barred by the *Rooker-Feldman* doctrine, and dismissed her claims

---

[2] Courts may rely on materials beyond the complaint in a motion to dismiss "when the extrinsic document is integral to or explicitly relied upon in the complaint." *Talley v. Pillai*, 116 F.4th 200, 207 n.7 (3d Cir. 2024) (internal quotation marks omitted). Courts may also rely on "attached exhibits" to the complaint and "matters of public record." *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

without prejudice. *Zaire*, 2024 WL 4648008, at *6. However, Judge Martinotti denied Plaintiff leave to amend her complaint. *Id.* On January 31, 2025, in the instant action, this Court dismissed Plaintiff's claims, in part because they were barred by *Rooker-Feldman* and in part because she failed to state a claim. ECF No. 24. Plaintiff then filed the instant SAC, which Defendants seek to dismiss.

In her SAC, Plaintiff asserts two categories of allegations related to her foreclosure: first, that the foreclosure was unlawful; and second, that she was mistreated in the aftermath of her eviction. As to the former, Plaintiff appears to contend that the Bank Defendants did not "provide[] consideration for the transaction as . . . stated in the promissory note," and so the note—on which she defaulted—was unenforceable. SAC ¶¶ 21–36. Plaintiff thus concludes that all Defendants are liable because they assisted in facilitating her allegedly unlawful foreclosure and eviction. *Id.* ¶ 68.

Plaintiff's other allegations, regarding mistreatment following her eviction, are nearly identical to those in her first amended complaint ("FAC") and were dismissed for failure to state a claim. They include allegations that the individuals who carried out her eviction mishandled her personal property and locked her son out of the property even though the "eviction did not name him," and that the eviction notice was visible to her neighbors and delivery drivers. *Id.* ¶¶ 105–60. Unlike in her FAC, the SAC does not assert any causes of action under which Plaintiff seeks to proceed.

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction. *See Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007). Two types of challenges can be made under Rule 12(b)(1): a facial attack or a factual attack. *See In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). A facial

3

attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (citation modified).  A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'"  *Id*. (quoting *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).  The instant motions to dismiss facially challenge subject-matter jurisdiction.

To survive dismissal under Rule 12(b)(6), a complaint must meet the pleading requirements of Rule 8(a)(2) and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).  In evaluating the sufficiency of a complaint, a court must also draw all reasonable inferences in favor of the non-moving party.  *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  Ultimately, a complaint "that offers 'labels and conclusions' or . . . tenders 'naked assertions' devoid of further factual enhancement," will not withstand dismissal under Rule 12(b)(6).  *Iqbal*, 556 U.S. at 678 (citations omitted).

## III.   **DISCUSSION**

Defendants argue that Plaintiff's FAC should be dismissed because (1) the Court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; and (2) the SAC fails to state a claim upon which relief may be granted.

### A.   **Rooker-Feldman Doctrine**

*Rooker-Feldman* is a preclusion doctrine that "strips federal courts of jurisdiction over controversies that are essentially appeals from state-court judgments." *Duffy v. Wells Fargo Bank, N.A.*, No. 16-4453, 2017 WL 2364196, at *4 (D.N.J. May 31, 2017) (citations omitted).  "[It] is implicated when, 'in order to grant the federal plaintiff the relief sought, the federal court must

determine that the state court judgment was erroneously entered or must take action that would render that judgment ineffectual.'" *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (citations omitted). Thus, *Rooker-Feldman* applies in "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Malhan v. Sec'y U.S. Dep't of State*, 938 F.3d 453, 458 (3d Cir. 2019) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The Court will consider each factor in turn.

The first *Rooker-Feldman* requirement is met. Plaintiff was the losing party in the foreclosure action—a prior state court action. *See* ECF No. 16-2, Ex. A. As to the second requirement of *Rooker-Feldman*, "an injury must in fact be caused by the state court judgment itself, rather than the actions of another entity—even if that other entity is a party to the state court proceedings." *Luft v. Clerk of the Superior Ct. of New Jersey*, No. 19-11728, 2020 WL 967857, at *3 (D.N.J. Feb. 28, 2020) (citations omitted). Here, the gravamen of Plaintiff's SAC appears to be that the New Jersey courts had no basis to issue the foreclosure judgment or to permit the subsequent sheriff's sale and eviction. *See* SAC ¶¶ 21–185. Given that the SAC seeks to redress Plaintiff's alleged injuries caused by the foreclosure decision, the second requirement is met. The third requirement of *Rooker-Feldman* is also met as Plaintiff commenced this action on February 20, 2024, after the New Jersey Superior Court entered a final judgment against Plaintiff on August 4, 2023.

The fourth requirement of *Rooker-Feldman* requires that the federal action be "so inextricably intertwined [with the state court action] that a 'favorable decision in federal court would require negating or reversing the state-court decision.'" *Duffy*, 2017 WL 2364196, at *7 (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 170 n.4 (3d Cir.

5

2010)). Plaintiff contends that Defendants did not have the right to take possession of the property because she claims she owed no debt under the mortgage. *See* SAC ¶¶ 26–83; *id.* ¶ 83 ("Due to the direct actions of the State Defendants and Bank Defendants, including but not limited to the false implication that Complainants owed a debt to the Bank Defendants, Complainants were injured by the Eviction Defendants."); *id.* ¶ 185 (demanding that "the court order[] a conveyance to [Plaintiff] of legal and beneficial title"). Given that the SAC seeks an order that would overturn the foreclosure judgment, the fourth *Rooker-Feldman* requirement is satisfied. *See id.*; *see also Martinez v. Bank of Am., N.A.*, No. 15-8926, 2016 WL 1135441, at \*4 (D.N.J. Mar. 22, 2016) ("This type of action is exactly what *Rooker-Feldman* is meant to prevent: an attempt to invalidate the final judgment of foreclosure.") (citations omitted). Accordingly, Plaintiff's claims that seek a Court "action that would render the [Final Judgment] ineffectual" are barred by the *Rooker-Feldman* doctrine. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009).

### B.    Failure to State a Claim

The SAC contains a section of facts that are virtually identical to those pleaded in the FAC. *Compare* SAC ¶¶ 84–162 *with* FAC ¶¶ 7–85. In the FAC, these allegations were separate from those that sought reversal of the foreclosure. Specifically, Plaintiff contended that these allegations—which asserted misconduct related to the eviction process—supported claims for "interference of reputation," invasion of privacy, aiding and abetting a fiduciary duty, and violation of the Fair Debt Collection Act ("FDCA"). *See* ECF No. 7. Although the Court found that these asserted claims were not barred by the *Rooker-Feldman* doctrine, it nonetheless dismissed them because they failed to meet the Rule 12(b)(6) pleading standard. Specifically, the Court held that (1) Plaintiff failed to plead a violation of the FDCA because she did not allege that any defendant qualified as a debt collector; (2) Plaintiff's claim for "interference with reputation" is not a recognized cause of action, and to the extent her claim could be construed as defamation, it failed

6

because she identified no false statement; (3) Plaintiff's invasion-of-privacy claim was deficient because her allegations described a standard eviction process rather than conduct constituting an invasion of privacy under New Jersey law; and (4) Plaintiff's aiding-and-abetting a breach of fiduciary duty claim failed because she did not plausibly allege that any defendant owed her a fiduciary duty.

In her SAC, the allegations that supported these claims are re-pleaded essentially verbatim,[3] except that they are now unaccompanied by causes of action, and Plaintiff now describes them as her injuries, not as independent claims to relief. *See* SAC ¶¶ 83–162. Furthermore, in Plaintiff's prayer for relief, she does not appear to seek damages or injunctive relief related to these allegations.

But even if Plaintiff did connect her factual allegations to causes of action, and even if it was clear that she sought relief for them, she did not cure the deficiencies identified by the Court in its prior opinion. Instead, she repeated the same allegations that the Court found deficient and added allegations that the Court previously explained were barred by the *Rooker-Feldman* doctrine. Therefore, to the extent the Court construes any allegations as extending beyond those barred by *Rooker-Feldman*, they fail to state a claim.

## C.     Dismissal with Prejudice

Defendants seek dismissal with prejudice. "A District Court has discretion to dismiss a complaint with prejudice when there are repeated failures to cure the deficiency by amendments previously allowed," *Stovall v. Grazioli*, No. 20-2041, 2023 WL 3116439, at *3 (3d Cir. Apr. 27, 2023), or "if amendment would be . . . futile." *Bankwell Bank v. Bray Entertainment, Inc.*, No.

---

[3] The SAC does contain new allegations, *see* SAC ¶¶ 21–83, 163–85, but they pertain only to the alleged invalidity of the foreclosure, which, as discussed above, Plaintiff is barred from raising in federal court under the *Rooker-Feldman* doctrine.

20-49, 2021 WL 211583, at *2 (D.N.J. Jan. 21, 2021). "An amendment is futile if it is frivolous or advances a claim or defense that is legally insufficient on its face." *Lombreglia v. Sunbeam Prod., Inc.*, No. 20-0332, 2021 WL 118932, at *5 (D.N.J. Jan. 13, 2021). Here, as discussed, Plaintiff's claims seeking to regain title to the Property are barred by the *Rooker-Feldman* doctrine, and therefore are legally insufficient on their face because the Court lacks subject-matter jurisdiction. However, dismissals for lack of subject-matter jurisdiction must "be without prejudice." *Poole v. USCIS Pittsburgh Field Off.*, No. 24-1297, 2024 WL 3439777, at *2 (3d Cir. July 17, 2024), *cert. denied*, 145 S. Ct. 598 (2024). Therefore, the Court will dismiss Plaintiff's claims seeking to invalidate the foreclosure without prejudice, but will deny Plaintiff leave to re-plead these allegations.

As to Plaintiff's allegations which are not barred by *Rooker-Feldman*, but fail to state a claim, Plaintiff is granted leave to file a limited third amended complaint ("TAC"). The TAC shall not challenge the final judgment of the Superior Court of New Jersey, Essex County, dated August 4, 2023, No. F-0004013-21 ("Final Judgment"). For avoidance of doubt, this means that the TAC shall not challenge the validity of the foreclosure ordered by the Final Judgment. The TAC shall be limited to the events described in the SAC at paragraphs 84 through 162, and shall clearly identify the causes of action that the alleged misconduct is intended to support. Furthermore, Plaintiff's SAC and related submissions advance several obscure theories related to the creation of trusts, equity, subrogation, the state court's authority to order foreclosure, among others, that are unfounded and have no basis in law. As such, Plaintiff is advised that the Court will not construe or rely on such theories. Plaintiff shall limit her allegations to facts supporting the specific unlawful harm she claims to have suffered, rather than abstract or unsupported legal propositions.

**Accordingly, IT IS**, on this 27th day of February, 2026,

**ORDERED** that the Court grants Defendants' motions to dismiss (ECF Nos. 31, 32, 35, 38, 50) and dismisses Plaintiff's SAC (ECF No. 25) without prejudice; and it is further

**ORDERED** that Plaintiff shall have thirty (30) days from entry of this Opinion and Order to submit an amended complaint that addresses the deficiencies identified in this Opinion.  Insofar as Plaintiff submits a further amended complaint, she shall also provide a form of the amended complaint that indicates in what respect it differs from the current complaint, by bracketing or striking through materials to be deleted and underlining materials to be added.  *See* L. Civ. R. 15(a)(2); and it is further

**ORDERED** that Plaintiff's motion for leave to file a sur-reply (ECF No. 47) is **GRANTED**; and it is further

**ORDERED** that the Clerk of Court is directed to close this case.

**SO ORDERED.**

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**

9